## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LLOYD'S SYNDICATE 3624,

      Plaintiff,

      v.

BIOLOGICAL RESOURCE CENTER
OF ILLINOIS, LLC, et al.,

      Defendants.

Case No. 18-cv-115

Judge John Robert Blakey

## MEMORANDUM OPINION AND ORDER

This case involves an insurance coverage dispute between Plaintiff Lloyd's Syndicate (Hiscox) and the Biological Resource Center of Illinois (BRCI). Hiscox is funding BRCI's defense in several lawsuits in other courts, pursuant to an insurance policy Hiscox issued to BRCI. Hiscox brought this suit seeking a declaratory judgment as to the scope of BRCI's liability coverage and asserting different theories to limit that coverage. [1]. Now, the plaintiffs in the underlying lawsuits against BRCI seek to intervene. [34, 38, 43, 48]. For the reasons explained below, this Court denies the motions to intervene.

## I.     Background

In the suit originally before this Court (the Hiscox action), Hiscox seeks a determination of the extent of liability coverage it must provide BRCI under the insurance policy Hiscox issued to BRCI. [1]. Pursuant to that policy, Hiscox has funded BRCI's defense in ten state-court cases, subject to a reservation of rights under the policy. *See id.* ¶¶ 1, 29.

1

The ten cases all arise from BRCI's alleged mishandling of human remains. *See id.* ¶¶ 22–29. Hiscox contends that these cases constitute a single "claim" under the terms of the insurance policy, and thus fall subject to the policy's $2 million "each claim" limit of liability, rather than the policy's $3 million aggregate liability limit. *See id.* ¶¶ 1–8. Hiscox therefore seeks a declaratory judgment that the $2 million limit applies, and in the alternative claims that BRCI has waived or is estopped from raising arguments against that interpretation. *See id.* at 20–27. In March 2018, Hiscox moved for a judgment on the pleadings, [15], and that motion remains pending before this Court, *see* [21, 26].

The claimants now seeking to intervene in the Hiscox action are plaintiffs in the state-court actions against BRCI. These state-court plaintiffs are donors and the families of donors who gave their bodies to BRCI based upon BRCI's representations that these remains would support medical or scientific research, and would be treated with dignity and respect. *See* [38-1] ¶¶ 21–23, 37–41.[1] Instead, since at least 2008, BRCI shipped the donated remains to third-parties for purposes other than medical and scientific research. *See* [38-1] ¶¶ 25-27.

The first motion to intervene was filed by 35 plaintiffs currently suing BRCI in Arizona state court (the Beecher plaintiffs) on June 14, 2018. *See* [34] at 4. Their alleged interest in the Hiscox action is that the scope of BRCI's insurance coverage

[1] For purposes of this motion, the state-court plaintiffs' complaints set out substantially the same facts, so for brevity this Court cites to only one of the complaints rather than both. *Compare* [38-1], *with* [43-1]. The Beecher plaintiffs and intervenor Jennie Rasinski did not file their state-court complaints with this Court, but their motions to intervene indicate that the facts underlying their state-court claims mirror those of the other intervenors. *See* [34] at 6–7; [48] at 2, 6.

will affect the intervenors' ability to recover on an eventual settlement or judgment in their state-court case. *See id.* at 6–8.

On June 18, a set of plaintiffs suing BRCI in Cook County (the Hayes plaintiffs) also moved to intervene. [38]. Their state-court suit against BRCI asserts claims for intentional infliction of emotional distress, negligent infliction of emotional distress, wrongful disposition of donor bodies, fraud, violation of the Illinois Consumer Fraud Act, civil conspiracy, and negligent referral. [38-1] at 8–18. Likewise, their alleged interest in the Hiscox action echoes the interest of the Beecher plaintiffs: determining the scope of Hiscox's coverage for BRCI will affect the Hayes plaintiffs' ability to recover any settlement or judgment against BRCI. *See* [38] at 6.

On June 22, the plaintiffs in a class action against BRCI in Cook County (the Dixon plaintiffs) moved to intervene. [43]. Their complaint in state court raises similar claims to the Hayes plaintiffs, with the addition of a claim that BRCI's conduct violated the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961, *et seq. See* [43-1]. Their alleged interest in the Hiscox action mirrors that of the other intervenors. *See* [43] at 2.

Finally, on July 25, Jennie Rasinski—another plaintiff suing BRCI in Cook County—moved to intervene. [48]. Her alleged interest matches that of the other intervenors. *See id.* at 4–6.

## II. Legal Standard

The intervenors move to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). Rule 24(a)(2) provides that, on a timely motion, courts must permit intervention where the moving party "claims an interest relating to the

property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Thus, to prevail on a motion to intervene, the moving party must show that: (1) the motion is timely; (2) the party has an interest related to the subject matter of the action; (3) the disposition of the action threatens to impair or impede the party's ability to protect that interest; and (4) the existing parties do not adequately represent the intervenor's interest. *See Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007). Courts must deny a motion to intervene under Rule 24(a)(2) if the intervenor fails to establish any one of these requirements. *Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002).

In the alternative, the intervenors seek permissive intervention under Rule 24(b). Rule 24(b) authorizes "permissive intervention" by anyone who timely moves to intervene and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B)(2). The rule provides that, in exercising its discretion, the district court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id*. Courts may grant permissive intervention under Rule 24(b) if: (1) the party's claims or defenses share a common question of law or fact with the existing suit; (2) the motion is timely; and (3) the court has jurisdiction over the claims. *See Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1281 (7th Cir. 1995). Permissive intervention presents a "wholly discretionary" determination for the district court.

*See Sokaogon Chippewa Cmty v. Babbitt,* 214 F.3d 941, 949 (7th Cir. 2000).

In consideration a motion to intervene under either Rule, this Court accepts as true "the non-conclusory allegations of the motion." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995).

## III. Analysis

### A. Intervention as of Right

As noted above, the intervenors must satisfy all four criteria under Rule 24(a)(2) to intervene as of right in the Hiscox action. *See Reid L.*, 289 F.3d at 1017. This Court addresses each requirement in turn.

First, the intervenors timely filed their motions. The timeliness requirement depends upon the totality of the circumstances, but remains flexible and subject to this Court's discretion. *See Shea v. Angulo*, 19 F.3d 343, 348–49 (7th Cir. 1994); *Zurich Capital Mkts, Inc. v. Coglianese*, 236 F.R.D. 379, 383 (N.D. Ill. 2006). This criterion sets out a reasonableness standard: potential intervenors must show reasonable diligence in discovering suits that might affect their rights and should act promptly in response. *See Heartwood, Inc. v. U.S. Forest Serv., Inc.*, 316 F.3d 694, 701 (7th Cir. 2003). Here, the first three sets of intervenors learned of the Hiscox action from BRCI's counsel on May 2, 2018. [34] at 5. They filed their motions in June, [34, 38, 43], which suffices under the reasonable diligence standard. *See United States v. Kemper Money Mkt. Fund, Inc.*, 704 F.2d 389 (7th Cir. 1983) (finding that moving to intervene within 25 days satisfied the timeliness requirement). Likewise, Rasinski filed her motion to intervene in July after learning of the Hiscox action in

June, which also suffices. *See id.*; [48] at 3. The intervenors falter, however, on the remaining criteria.

The intervenors do not claim a valid interest related to the subject matter of the Hiscox action. A party seeking to intervene must show a "direct, significant, and legally protectable interest in the subject matter at issue" in the original suit. *Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 658 (7th Cir. 2013). In assessing this requirement, courts consider "the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues." *Hanover Ins. Co. v. L & K Dev.*, No. 12-C-6617, 2013 WL 1283823, at *2 (N.D. Ill. Mar. 25, 2013) (quoting *Reich*, 64 F.3d at 322). But a third party who attempts to intervene because he has some outstanding monetary claim against one of the original parties has nothing more than a "betting interest in the outcome" of the original action, which does not satisfy Rule 24(a). *Reich*, 64 F.3d at 322.

Here, the intervenors present the very sort of "betting interest" in the outcome of the Hiscox action that does not support intervention under Rule 24(a). *See Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009) (noting that "the fact that you might anticipate a benefit from a judgment in favor of one of the parties to a lawsuit," as a creditor might, "does not entitle you to intervene in their suit"). The intervenors here are third parties with outstanding monetary claims against BRCI. As stated in their motions, they seek to intervene to ensure that the outcome of the Hiscox action protects the amount of any recovery they eventually secure against BRCI. *See* [34]

at 6–8; [38] at 6; [43] at 2; [48] at 4–5.  The Seventh Circuit has long rejected such interests as grounds for intervention as of right.

In *Meridian Homes Corporation v. Nicholas W. Prassas & Company,* 683 F.2d 201 (7th Cir. 1983), two brothers had enforceable rights to the profits of a partnership but were not themselves partners, *id.* at 204.  They sought to intervene in an action regarding the partnership agreement.  *Id.* at 203.  The Seventh Circuit affirmed the district court's denial of the brothers' motion to intervene.  *Id.*  The court held that while the amount the brothers would receive might be affected by the interpretation of the partnership agreement, they had no legal interest in the agreement itself.  *Id.*  The intervenors here present an analogous and equally unavailing interest in the Hiscoz action.  The Hiscox action involves the parties' disputed interpretation of the "claims made" section of the insurance policy Hiscox issued to BRCI.  [1] ¶¶ 102–15.  This Court's interpretation of that provision certainly could affect the amount of funds available to the intervenors should they prevail in their state-court cases against BRCI.  But they hold no legal interest in the insurance contract between Hiscox and BRCI.  *See Meridian,* 683 F.2d at 204.

Additionally, the disposition of the Hiscox action does not threaten to impair or impede the intervenors' ability to protect their interest in pursuing their claims against BRCI.  Impairment exists when resolving a legal question in the original case "would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceeding."  *Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994).  That "foreclosure" is "measured by the general standards of *stare decisis*."  *Revelis v.*

*Napolitano*, 844 F. Supp. 2d 915, 925 (N.D. Ill. 2012); *see also Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977); *Nuesse v. Camp*, 385 F.2d 694, 701–02 (D.C. Cir. 1967). Thus, where the intervenor would remain free to pursue any claim against one of the parties regardless of the outcome in the action they seek to join, their interests are not impaired. *See Shea*, 19 F.3d at 347. Such is the case here.

As with the intervenors in *Meridian*, although this Court's decision as to Hiscox's coverage of BRCI "may affect the interest" of the present intervenors in purely monetary terms, "it would not have any preclusive effect" on their claims against BRCI, and thus would not "impair their ability to protect their interest." 683 F.2d at 204. Because the intervenors fail to assert an interest in the transaction that forms the subject of the action actually before this Court, they have no protectable interest that could be impaired by the resolution of that action.

Lastly, the original parties adequately represent the intervenors' stated interest. Where a prospective intervenor has the same goal as the party to a suit, a presumption exists that their representation in the suit is adequate. *Shea*, 19 F.3d at 347; *see also United States v. South Bend Cmty. Sch. Corp.*, 710 F.2d 394, 396 (7th Cir. 1983), *cert. denied sub nom. Brookins v. South Bend Cmty. Sch. Corp.*, 466 U.S. 926 (1984). In such circumstances, the proposed intervenor "must demonstrate, at the very least, that some conflict exists." *Meridian*, 683 F.2d at 205. Assuming the truth of the intervenors' allegations, they have the same goal as BRCIL—namely, that the insurance policy should be interpreted to cover the maximum amount on separate claims—and therefore cannot meet this burden.

Both the intervenors and BRCI believe the insurance policy covers more than the limit asserted by Hiscox. Both parties seek the maximum monetary coverage under the insurance contract. Thus, the intervenors and BRCI have the same objective in this litigation: ensuring that Hiscox pays for as much of BRCI's defense costs as permitted by the insurance contract. *See Shea*, 19 F.3d at 347–48; *see also Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872–73 (10th Cir. 1986).

True, the intervenors and BRCI have adversary interests in their state-court cases, as the intervenors note. But on a motion to intervene, conflicts of interest in other matters do not present a per se bar to finding that a party adequately represents the potential intervenor—instead, any such conflict must actually affect the parties' interests *in this case*. *See Shea*, 19 F.3d at 348; *Meridian*, 683 F.2d at 205; *Bottoms*, 797 F.2d at 873. Whatever their positions in state court, the intervenors point to no conflict of interest in this case, or to any other factor undermining the conclusion that, with respect to Hiscox's coverage of BRCI, the intervenors share precisely the same objective as BRCI.

In sum, the intervenors do not satisfy all four requirements to intervene as a matter of right, and this Court denies their motions under Rule 24(a)(2).

## B. Permissive Intervention

This Court may grant a motion for permissive intervention where the intervenors timely file their motion, have a claim or defense that shares a common question of law or fact with the existing case, and intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b); *Schipporeit, Inc.*, 69 F.3d at 1281.

Here, the intervenors do not meet the first element supporting permissive intervention. Their claims do not share a common question of law or fact with the Hiscox action. As discussed above, the Hiscox action presents an insurance coverage dispute between an insurer and a business covered under one of its policies. *See* [1]. By contrast, the intervenors allege various theories based in fraud, negligence, and other torts, all of which arise from BRCI's alleged mishandling of human remains. *See* [34] at 4, 7–8; [38-1] at 8–18; [43-1]; [48] at 6.

The law governing such claims does not relate in any way to the insurance coverage dispute raised by the Hiscox action, nor do the underlying facts. The intervenors' claims against BRCI require discovery into facts regarding the underlying mishandling of donated bodies. The Hiscox action requires only the examination of documents that comprise the insurance relationship between Hiscox and BRCI. Thus, the intervenors do not possess claims that share the same questions of law or fact as the Hiscox action.[2]

Moreover, as this discussion indicates, the intervenors' claims would require extensive additional discovery unrelated to the Hiscox action. Permitting intervention in such circumstances would thus "unduly delay" the "adjudication of

---

[2] This analysis addresses the claims that the intervenors have indicated they hold against BRCI. To the extent that their proposed cross-complaints assert claims directly against Hiscox, *see* [45-1] at 4 (seeking declaratory judgment as to the scope of Hiscox's liability coverage of BRCI); [46] at 5 (same); [43-2] at 3–4 (same), the intervenors fail to explain how they possess any protectable legal interest in the contract between Hiscox and BRCI, as discussed above. Generally, third parties may not sue on a contract except in particular circumstances that no intervenor alleges here. *See, e.g.*, *Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217, 219–220 (7th Cir. 1996); *see also City of Yorkville ex rel. Aurora Blacktop Inc. v. Am. S. Ins. Co.*, 654 F.3d 713, 716–17 (7th Cir. 2011) (applying Illinois law). In any event, the intervenors' failure to address that issue entirely means that they have waived that argument as to the present motions. *See, e.g.*, *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016).

the rights of the original parties," Fed. R. Civ. P. 24(b)(1)(B)(2), which is ripe for resolution in light of the fully-briefed motion for judgment on the pleadings, [15]. Accordingly, this Court denies the motions to intervene under Rule 24(b).

## IV.    Conclusion

For the reasons explained above, this Court denies the intervenors' motions [34, 38, 43, 48].  Hiscox's motion for judgment on the pleadings remains under advisement and this Court will rule by separate order.  All other dates and deadlines stand.

Dated:  August 14, 2018

Entered:

John Robert Blakey
United States District Judge